E-FILED
Wednesday, 07 December, 2011 03:36:27 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SARAH JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 11-3334 |
| | ) | |
| ILLINOIS LABORERS' & | ) | |
| CONTRACTING TRAINING | ) | |
| TRUST FUND, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Posit: Who has jurisdiction?

The Defendant removed this case from state court, claiming that jurisdiction lies here because the action involves at least one federal question.

The Court finds that Plaintiff's claims are preempted by federal law.

Therefore, Plaintiff's Objection to removal is Denied.

At the end of the day, Plaintiff's claims are deficient and Defendant's Motion to dismiss must be Allowed.

# I.

In Count I of her complaint, the Plaintiff seeks a declaratory judgment and to compel arbitration. In Count II, the Plaintiff asserts a claim for breach of the implied covenant of good faith and fair dealing because of the Defendant's failure to arbitrate. Count III is a claim for specific performance–that the Defendant be directed to submit the dispute to arbitration.

In her Objection to removal, the Plaintiff states that the gravamen of her complaint is that Defendant first agreed to arbitrate her grievances, disputes, and claims and then reneged, balked or refused. The Plaintiff further claims that regardless of any defenses that Defendant may advance to her claims, state law remedies lie for the breach of an agreement.

The Plaintiff further asserts that no question of labor management policy is presented by the allegation that Defendant renounced the agreement. The Plaintiff makes no claim against Local 773 or any labor organization, nor does she ask Local 773 to participate in anything. The reference in the Complaint to membership in Local 773 is merely

background for the origin of the initial agreement between these two parties.

Although the Plaintiff emphasizes that she makes no claim against the union, it is apparent upon review that the gravamen of her complaint is that Defendant has refused to arbitrate her grievance and underlying dispute in accordance with the collective bargaining agreement's grievance machinery.

The Plaintiff contends that a determination of whether the Defendant's refusal to arbitrate her claim is a unique question of state law. She states that in Penn v. Ryan's Family Steak Houses, Inc., 269 F.3d 753 (2001), the Seventh Circuit considered the existence of an agreement to arbitrate between employer and employee as a question of state law. As the Defendant alleges, however, Penn is inapposite. In Penn, the employee had signed an arbitration agreement with a third party governing employment disputes with the employer. 269 F.3d at 755. It thus did not involve the typical direct employer/employee arbitration dispute. See id.

The Plaintiff further asserts that there is no unique question of federal

3

law that requires the interpretation of a collective bargaining agreement or any other collateral document. The questions involve strictly state law issues, including whether (1) there was an agreement; (2) there was a breach, balk or renege; (3) there was an excuse, justification, or failure of conditions which would justify the refusal to arbitrate.

Citing Textile Workers Unions of Am. v. Lincoln Mills, 353 U.S. 448 (1957), the Defendant claims it is well established that § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (LMRA), not only confers jurisdiction over all suits for violation of contracts between an employer and a labor organization, but it is also a source of substantive law for the enforcement of collective bargaining agreements, including suits to compel arbitration. See id. at 450-51.

The Plaintiff claims that Lincoln Mills is inapplicable because that case is not analogous to an action by a freestanding employee and her attorney seeking to enforce an arbitration agreement. Rather, the plaintiff seeking to compel arbitration in Lincoln Mills was the union. See id. at 449. The Plaintiff further contends that, unlike the instant case, Lincoln

4

Mills did not involve an agreement, once made, to arbitrate a specific grievance, followed by a renege, balk or withdrawal from that agreement. It dealt with initial refusals to arbitrate. See id. The Plaintiff asserts that, unlike in this case, an interpretation of contract damages or remedies was required in Lincoln Mills. This is about the breach of an agreement, which the Plaintiff notes is a matter of state law. She claims that in this case, the remedies are simply specific performance and/or some contract damages under state law for breach or refusal of an agreement once made.

The Plaintiff has cited no case law for the relevance of these purported distinctions. As the Defendant points out, the United States Supreme Court rejected some of those arguments in Smith v. Evening News Ass'n, 371 U.S. 195 (1962). The Court stated:

> Section 301 has been applied to suits to compel arbitration of such individual grievances as rates of pay, hours of work and wrongful discharge . . . to obtain specific enforcement of an arbitrator's award offering reinstatement and back pay to individual employees . . . to recover wage increases in a contest over the validity of the collective bargaining contract . . . and to suits against individual union members for violation of a no-strike clause contained in a collective bargaining agreement. . .
>
> The concept that all suits to vindicate individual employee

5

rights arising from a collective bargaining contract should be excluded from the coverage of s 301 has thus not survived. The rights of individual employees concerning rates of pay and conditions of employment are a major focus of the negotiation and administration of collective bargaining contracts. Individual claims lie at the heart of the grievance and arbitration machinery, are to a large degree inevitably intertwined with union interests and many times precipitate grave questions concerning the interpretation and enforceability of the collective bargaining contract on which they are based. To exclude these claims from the ambit of s 301 would stultify the congressional policy of having the administration of collective bargaining contracts accomplished under a uniform body of federal substantive law. This we are unwilling to do.

The same considerations foreclose respondent's reading of s 301 to exclude all suits brought by employees instead of unions. The word 'between,' it suggests, refers to 'suits,' not 'contracts,' and therefore only suits between unions and employers are within the purview of s 301. According to this view, suits by employees for breach of a collective bargaining contract would not arise under s 301 and would be governed by state law, if not preempted by Garmon, as this one would be, whereas a suit by a union for the same breach of the same contract would be a s 301 suit ruled by federal law. Neither the language and structure of s 301 nor its legislative history requires or persuasively supports this restrictive interpretation, which would frustrate rather than serve the congressional policy expressed in that section. The possibility that individual contract terms might have different meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements.

Smith, 371 U.S. at 199-201 (internal citations and quotation marks omitted). Thus, the fact that an individual is the party, rather than the union, is of no legal significance. The minor distinctions that Plaintiff makes do not divest this Court of jurisdiction. The Court agrees with the Defendant's assertion that Plaintiff's attempt to exact "some contract damages under state law for the breach or refusal of an agreement once made" is the sort of tactic the Supreme Court stated could "exert a disruptive influence upon both the negotiation and administration of collective agreements."

Counts I and III of the complaint seek to compel arbitration. Although Count I is characterized as an action under the Illinois Uniform Arbitration Act and Count III is brought as an action for "specific performance," both counts are actually section 301 actions to compel arbitration. Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

7

29 U.S.C. § 185(a). The Defendant notes that the Seventh Circuit has stated "if the [plaintiff's] claim, ostensibly based on state law, cannot be adjudicated without interpretation of the collective bargaining agreement, the claim turns into a federal claim that the agreement itself has been violated." Atchley v. Heritage Cable Vision Associates, 101 F.3d 495, 501 (7th Cir. 1996) (citation omitted). "If the resolution of a state law claim depends on the meaning of, or requires the interpretation of, a collective bargaining agreement, the application of state law is preempted and federal labor law principles must be employed to resolve the dispute." Id. at 499.

The Plaintiff's action to compel arbitration requires an interpretation of the collective bargaining agreement. An interpretation is necessary because a "duty to arbitrate can arise only by agreement." United Steel v. TriMas Corporation, 531 F.3d 531, 535 (7th Cir. 2008). Although brought as state law claims, the state claims "turn into" federal claims and "federal labor law principles must be employed to resolve the dispute." Atchley, 101 F.3d at 499, 501. The Defendant notes that the Seventh Circuit has recognized that district courts have the power "under § 301 to

compel an employer to arbitrate grievances in accordance with a collective bargaining agreement." See Evans v. Einhorn, 855 F.2d 1245, 1252 (7th Cir. 1988).

The Defendant contends, therefore, that because Counts I and III require an interpretation of the applicable collective bargaining agreement and federal law is clear that § 301 of the LMRA governs actions to compel arbitration, Counts 1 and III are preempted.

Based on the foregoing, the Court concludes that although Counts I, II, and III are all styled as state law claims, each is preempted by § 301 of the LMRA. This Court is the proper forum for resolution of the claims. The Plaintiff's Objection to removal is Denied.

## II.

In support of its Motion to dismiss, the Defendant alleges that controlling federal law establishes that (1) Counts 1 and III, which seek an Order requiring the Defendant to submit to arbitration, are time-barred under the applicable six-month statute of limitations; and (2) Count II, which seeks money damages for a breach of the covenant of good faith and

9

fair dealing, is not an independent cause of action under Illinois law, and, even if it were, it is still preempted by § 301 of the LMRA.

The Defendant asserts that Counts I and III are barred by the applicable six month statute of limitations. The Seventh Circuit has determined that a "six-month limitations period is appropriate in suits to compel arbitration under a collective bargaining agreement." United Food & Commercial Workers Local 100A v. Hofmeister & Son, Inc., 950 F.2d 1340, 1347 (7th Cir. 1991). The cause of action to compel arbitration accrues, and the limitations period begins, with the refusal to arbitrate. See id.; see also Alberici-Eby v. Local 520, Int'l Union of Operating Engineers, 992 F.2d 727, 731 (7th Cir. 1993). According to the Plaintiff's Complaint, the refusal to arbitrate occurred on one of two dates in 2006. Therefore, the limitations period started running approximately five years before this lawsuit was filed.

The Complaint states that the refusal to arbitrate occurred in either June or November of 2006. Therefore, the Court concludes that the six-month statute of limitations expired long before this suit was filed on April

25, 2011. Accordingly, Counts I and III will be dismissed because they are barred by the limitations period.

The Defendant also asserts that Count II of the Plaintiff's complaint alleging a claim for breach of an implied covenant of good faith and fair dealing must be dismissed for failure to state a claim upon which relief can be granted. The Defendant contends there is no such cause of action.

The Illinois Supreme Court has determined that the covenant of good faith and fair dealing is a rule of construction, not an independent source of tort liability. See Voyles v. Sandia Mortg. Corp., 196 Ill.2d 288, 297 (2001). Although "every contract implies good faith and fair dealing between the parties," Illinois law doe not recognize the covenant of good faith and fair dealing as an independent sources of duties. See Beraha v. Baxter Health Care Corp., 956 F.2d 1436, 1443 (7th Cir. 1992).

Because there is no independent action for a covenant of good faith and fair dealing, Count II will be dismissed for failure to state a claim.

Ergo, the Plaintiff's Objection to removal [d/e 6] is DENIED.

The Defendant's Motion to dismiss [d/e 2] is ALLOWED.

CASE DISMISSED.

ENTER: December 7, 2011

FOR THE COURT:

s/Richard Mills<br>United States District Judge